UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY CLINGERMAN,

          Plaintiff,          Civil Action No. 23-13121

v.          Terrence G. Berg
          United States District Judge

GENESEE COUNTY JAIL, *et al.*,          David R. Grand
          United States Magistrate Judge

          Defendants.
_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 17)

On December 8, 2023, *pro se* plaintiff Timothy Clingerman ("Clingerman"), who currently is incarcerated at the Genesee County Jail, filed this civil rights action, pursuant to 42 U.S.C. § 1983, against the Genesee County Jail, Deputy Chittick, and Deputy Robbins (collectively, "Defendants").  (ECF No. 1).  On March 29, 2024, Clingerman filed an amended complaint.  (ECF No. 13).  In short, Clingerman accuses Defendants of failing to properly implement his protective custody status and of retaliating against him for filing this action.  (*Id.*).  On April 16, 2024, this case was referred to the undersigned for all pretrial purposes.  (ECF No. 15).

Now before the Court is Clingerman's Motion for Default Judgment, which he filed on May 3, 2024.  (ECF No. 17).  In his motion, Clingerman argues that he is entitled to a default judgment because Defendants did not file a timely response to his original complaint.  (*Id.*, PageID.119-120).  On May 16, 2024, Defendants filed a response to

Clingerman's motion, arguing that a default judgment should not be entered because they were not required to file a response pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. (ECF No. 18, PageID.125-126). Defendants also argue that although they were not required to do so, they filed a timely motion to dismiss Clingerman's amended complaint, which remains pending. (*Id.*, PageID.125-126). The Court finds merit to both arguments.

First, because this case is governed by the PLRA, Defendants were not required to answer or otherwise respond to Clingerman's complaint or amended complaint unless and until the Court ordered them to do so. The relevant section of the PLRA provides as follows:

> (g) Waiver of reply
>
> (1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.
>
> (2) The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

42 U.S.C. § 1997e(g). "While the Court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits, until such time as this happens, none of the defendants in [a prisoner civil rights case] are obligated to answer the complaint." *Boling v. Corr. Med. Svc.*, No. 07-11752, 2007 WL 2515222, at *1 (E.D. Mich. Aug. 31, 2007) (internal quotations and

2

citations omitted). Thus, because the Court has not ordered the Defendants to respond to Clingerman's complaint, they had no obligation to do so.[1] *See* 42 U.S.C. § 1997e(g)(2).

Clingerman's instant motion also fails because it is based on the Defendants' alleged failure to timely respond to his original complaint, when that complaint was rendered a nullity by Clingerman's filing of his amended complaint. *See Jefferson v. United Car Co., Inc.*, No. 14-13749, 2015 WL 7208160, at *3 (E.D. Mich. June 11, 2015) ("... it does not appear that Plaintiff can secure a default judgment premised on her original complaint" after Plaintiff filed an amended complaint); 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1476 (3d ed.2010) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading."); *Liberty Media Holdings, LLC v. Hawaii Members of Swarm of Nov. 15, 2010 to Jan. 27, 2011,* No. 11–00262, 2012 WL 1377003, at *1 (D. Haw. Mar. 27, 2012) (filing an amended complaint rendered the plaintiff's motion for default judgment moot), *report & recommendation adopted,* No. 11–00262, 2012 WL 1377000 (D. Haw. Apr.18, 2012).

Finally, the Court notes that although Defendants were not required to do so, they filed a timely response to Clingerman's amended complaint, in the form of a motion to

---

[1] Furthermore, Clingerman's motion for default judgment is procedurally inappropriate. Fed. R. Civ. P. 55(a) states that a clerk must enter the party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(b) requires an entry of a default as a prerequisite to entry of a default judgment. *See Lewis v. Detroit Pub. Sch.*, No. 12-11851, 2013 WL 5785777, at *2 (E.D. Mich. May 6, 2013). The Sixth Circuit has held that it is procedurally improper for a party to move for entry of a default judgement prior to seeking an entry from the Clerk of Court. *Heard v. Caruso*, 351 F. App'x 1, 6 (6th Cir. 2009). Here, there is no indication on the docket that defaults have been entered by the Clerk of Court against any of the named defendants.

3

dismiss. Specifically, Clingerman filed his amended complaint on March 29, 2024 (ECF No. 13), and Defendants filed their motion to dismiss on April 12, 2024 (ECF No. 14), just 14 days later. This was timely under the applicable federal rule. *See* Fed. R. Civ. P. 15(a)(3) (response to amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after the amended pleading is served, whichever is later).

For the reasons stated above, **IT IS RECOMMENDED** that Clingerman's Motion for Default Judgment **(ECF No. 17)** be **DENIED**. Further, the Court notes that on June 7, 2024, it entered an Order to Show Cause giving Clingerman until June 28, 2024, to file his response to Defendants' motion to dismiss. In light of the above analysis, that deadline remains in place, and **Clingerman's failure to file a response to Defendants' motion to dismiss by June 28, 2024, may result in a recommendation that Defendants' motion be granted and/or that Clingerman's claims be dismissed pursuant to Fed. R. Civ. P. 41(b).**

Dated: June 18, 2024  
Ann Arbor, Michigan

s/ David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver

of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 18, 2024.

s/Eddrey O. Butts  
EDDREY O. BUTTS  
Case Manager