UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY CLINGERMAN,

          Plaintiff,                    Civil Action No. 23-13121

v.                                            Terrence G. Berg
                                            United States District Judge

GENESEE COUNTY JAIL, *et al.*,        David R. Grand
                                            United States Magistrate Judge

          Defendants.
_____/

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 13) PURSUANT TO FED. R. CIV. P. 41(b) AND TO DENY DEFENDANTS' MOTION TO DISMISS (ECF No. 14) AS MOOT**

On December 8, 2023, *pro se* plaintiff Timothy Clingerman ("Clingerman"), who was then incarcerated at the Genesee County Jail ("GCJ"), filed this civil rights action, pursuant to 42 U.S.C. § 1983, against the GCJ and two of its employees – Deputy Chittick and Deputy Robbins (collectively, "Defendants"). (ECF No. 1). On March 29, 2024, Clingerman filed an amended complaint. (ECF No. 13). In short, Clingerman alleges that Defendants failed to properly ensure that he was kept in protective custody status and then retaliated against him for filing this action. On April 16, 2024, this case was referred to the undersigned for all pretrial purposes. (ECF No. 15).

**I.    REPORT**

    **A.    Background**

In his amended complaint, Clingerman alleges that the GCJ, and Deputies Chittick

and Robbins in their official capacities, violated his Fourteenth Amendment right to equal protection by improperly allowing him to be with general custody inmates while he was in protective custody status. (ECF No. 13, PageID.61). Clingerman also alleges that, after he filed the instant action, Deputies Chittick and Robbins violated his First and Eighth Amendment rights when they retaliated against him by verbally harassing him, putting him on lockdown and/or in solitary confinement, and allowing him to be with other protective custody and/or general custody inmates with whom they knew he did not get along. (*Id.*, PageID.48-50).

On April 12, 2024, Defendants filed a motion to dismiss. (ECF No. 14). On April 18, 2024, this Court issued an Order Requiring Response, specifying that Clingerman was required to file a response to Defendants' motion on or before May 13, 2024. (ECF No. 16). When Clingerman failed to do so, on June 7, 2024,[1] this Court issued an Order to Show Cause, requiring a response by June 28, 2024. (ECF No. 19). In that Order, Clingerman was specifically warned that, "**Failure timely and adequately respond in writing to this Order to Show Cause, or to timely file a response to Defendants' motion, may result in a recommendation that Defendants' motion be granted and/or that Clingerman's claims be dismissed under Fed. R. Civ. P. 41(b)**." (*Id.*, PageID.132) (emphasis in original). To date, however, Clingerman has neither filed a response in

---

[1] The Court notes that, between issuance of the Court's Order Requiring Response on April 18, 2024, and its Order to Show Cause on June 7, 2024, Clingerman filed a motion for default judgment. (ECF No. 17). That filing shows that Clingerman was still housed at the GCJ (*Id.*, PageID.123) and demonstrates that he was capable of filing documents with the Court during that time frame.

2

opposition to Defendants' motion to dismiss, nor has he responded to the Court's Order to Show Cause.

### B. Analysis

Federal Rule of Civil Procedure 41 governs dismissals of actions. As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) … operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a case for failure to prosecute or comply with an order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). As the *Link* court explained, "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault;
> (2) whether the adversary was prejudiced by the dismissed party's

conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

With respect to the first factor, it is not clear whether Clingerman's failure to respond to Defendants' motion to dismiss is due to willfulness, bad faith, or fault. However, as set forth above, the Court notes that, in the time frame between when the Court issued its Order Requiring Response (on April 18, 2024) and its Order to Show Cause (on June 7, 2024), Clingerman filed a motion for default judgment. (ECF No. 17). That motion, which was postmarked April 30, 2024, lists the GCJ as Clingerman's address, which is evidence that Clingerman (a) was still housed at the GCJ at that time and, thus, would have received *at least* the Court's Order Requiring Response; and (b) was capable of filing documents with the Court. Moreover, after receiving notice on July 1, 2024, that Clingerman's mailing address had changed, the Court mailed a second copy of its Order to Show Cause to Clingerman at his new address on July 3, 2024. (*See* 7/3/24 text entry). To date, however, Clingerman still has neither filed a response in opposition to Defendants' motion to dismiss, nor has he responded to the Court's Order to Show Cause. Thus, the first[2] and third factors weigh in favor of dismissal.

---

[2] With respect to the first factor, just as in *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault …." Regardless, "defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id.*

4

As to the second factor, Defendants are prejudiced by having this action pending against them without it being advanced to a timely conclusion due to Clingerman's apparent abandonment of his claims. The Court is sympathetic to Defendants' plight, as they have been forced to expend time and resources researching and drafting their motion to dismiss, despite the fact that Clingerman apparently has lost interest in his case.

Finally, the fourth factor weighs heavily in favor of dismissal, as Clingerman has been given a clear warning that his failure to respond to Defendants' motion and/or this Court's Order to Show Cause could result in dismissal of his claims. As set forth above, Clingerman has failed to respond to both the pending dispositive motion and the Court's Order to Show Cause (despite the fact that this Order has been mailed to him twice) – failures which are inexcusable. Given these facts, and in light of the Court's express warning to Clingerman that his claims could be dismissed if he failed to act, the Court sees no utility in imposing a sanction short of dismissal. Thus, all four of the factors weigh in favor of dismissal for failure to prosecute.

## II.     RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that Clingerman's complaint **(ECF No. 13)** be **DISMISSED**, and Defendants' Motion to Dismiss **(ECF No. 14)** be **DENIED AS MOOT**.

Dated: August 14, 2024  
Ann Arbor, Michigan

s/ David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 14, 2024.

                                                  s/Eddrey O. Butts  
                                                  EDDREY O. BUTTS  
                                                  Case Manager